UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN M.J. McCOY,

    Plaintiff,

v.                                        CASE No. 8:10-CV-42-T-24TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, I recommend that the decision be affirmed.

I.

The plaintiff, who was forty-six years old at the time of the administrative hearing and who has the equivalent of a high school education,

---

[*] This matter comes before me pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

has worked as a day laborer, dishwasher, and short-order cook (Tr. 122, 153, 594). He filed a claim for supplemental security income payments, alleging that he became disabled due to a lumbar condition, high blood pressure, mental problems, and high cholesterol (Tr. 180). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "low back pain, status post L5-S1 laminectomy; remote history of seizures; history of substance abuse" (Tr. 16). The law judge concluded that, as a result of these impairments, the plaintiff had the residual functional capacity to perform light work, as follows (Tr. 18):

> The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk about six hours in an eight-hour workday (claimant uses a cane); and sit about six hours in an eight-hour workday. No significant restrictions on pushing or pulling. The claimant can occasionally climb ramp/stairs, balance, stoop, kneel, crouch and crawl; no climbing ladder, rope, scaffolds; avoid concentrated exposure to temperature extremes, humidity, vibration, environmental pollutants; avoid even moderate exposure to hazardous moving machinery and unprotected heights secondary to history of seizure disorder. The claimant's complaint of pain is

> moderate and will not interfere with work activities. He is able to understand, remember, and carry out simple directions and tasks and keep pace and attention for such tasks; no frequent interaction with the general public and can adapt to changes in work site.

Based upon the testimony of a vocational expert, the law judge found that these limitations did not prevent the plaintiff from performing past relevant work as a short order cook (Tr. 21). Alternatively, the law judge found that there are other jobs existing in significant numbers in the national economy that the plaintiff could perform, such as small parts assembler, merchandise marker, and fast food worker (id.). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 22). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

A. In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. <u>Grant</u> v. <u>Richardson</u>, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. <u>See</u> 20 C.F.R. 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work

activities. 20 C.F.R. 416.921(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 416.920(f) If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 416.920(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled.

### III.

The law judge concluded that the plaintiff had both physical and mental impairments. He determined that the plaintiff's physical impairments restricted him to a range of light work. The plaintiff does not raise any challenge to the law judge's findings regarding the plaintiff's physical impairments. Particularly in light of the scheduling Order (Doc. 11, p. 2), any such challenges are waived.

The plaintiff focuses upon the law judge's conclusions concerning his mental impairments. In this respect, the plaintiff asserts that the law judge "has not fully analyzed the psychological evidence because he has not determined there was a psychological impairment" (Doc. 14, p. 11). The law judge, however, considered the plaintiff to have a mental impairment (Tr. 17), evaluated the evidence concerning that impairment (Tr. 20-21), and found that the plaintiff had functional limitations from that impairment (Tr. 18). Since the plaintiff has not pointed to any greater functional limitations, any deficiency in the law judge's evaluation of the plaintiff's mental impairment does not rise to the level of reversible error.

Contrary to the plaintiff's somewhat vacillating contention, the law judge evaluated the plaintiff's mental impairment and found that the plaintiff had a mild restriction in activities of daily living, moderate difficulties in social functioning, and moderate difficulties in concentration, persistence, or pace (Tr. 17). In light of these findings, the law judge found that the plaintiff's residual functional capacity included the ability to understand, remember, and carry out simple directions and tasks, keep pace and attention for such tasks, and adapt to changes in the work site, but

precluded work in jobs involving frequent interaction with the general public (Tr. 18).

The plaintiff argues that the law judge should have found that the plaintiff had an impairment of schizoaffective disorder. There was a diagnosis of schizoaffective disorder by an examining psychologist, Melissa Trimmer, Psy.D. (Tr. 259), as well as by an ARNP at a mental health clinic (which the law judge could appropriately discount under the regulations, 20 C.F.R. 416.913(a), since the practitioner was not an acceptable medical source) (Tr. 20). However, there were also other diagnoses in the record of a mental impairment. Thus, shortly before the plaintiff filed his application for supplemental security income, he had received near the end of an eight-year prison term a psychiatric diagnosis of Depressive Disorder, NOS and Impulse Control Disorder, NOS (Tr. 453). He also had a diagnosis of Bipolar II Disorder, depressed in remission (Tr. 415). In light of the various diagnoses, the law judge was apparently disinclined to pick one.

His failure to specify the particular mental impairment that the plaintiff has does not amount to reversible error. A mere diagnosis of an impairment is insufficient to establish disability. McCruter v. Bowen, 791

F.2d 1544, 1547 (11th Cir. 1986); <u>Wind</u> v. <u>Barnhart</u>, 133 Fed. Appx. 684, 690 (11th Cir. 2005)(unpub. dec.). It is, instead, the functional limitations from the impairment that are determinative in an evaluation of disability. <u>Id</u>. As previously indicated, the law judge specified functional limitations from the plaintiff's mental impairment regardless of its name. The plaintiff has not pointed to, or even asserted, any mental functional limitations greater than those found by the law judge.

The only opinions regarding the plaintiff's mental functional limitations are from three nonexamining reviewing psychologists. Notably, the mental health center, where the plaintiff was being seen by nurse practitioners, declined to offer an opinion regarding the plaintiff's capacity to work (Tr. 287). None of the three reviewing psychologists thought that the plaintiff's limitations were greater than the law judge's finding of a mild restriction in activities of daily living and moderate difficulties in social functioning, and in concentration, persistence, or pace (Tr. 251, 344, 394). In fact, one of them thought that the plaintiff had no restriction in activities of daily living and only mild difficulties in concentration, persistence, or pace (Tr. 394).

Significantly, one of the reviewing psychologists accepted Dr. Trimmer's diagnosis of schizoaffective disorder (Tr. 244), but nevertheless stated the same degree of restrictions in activities of daily living, in social functioning, and in concentration, persistence, or pace that the law judge did (Tr. 251). She commented that "the [treatment] notes from MHC [mental health center] show [the plaintiff] has actually been doing well psychiatrically" (Tr. 253). Further, this psychologist set forth the following functional capacity assessment, albeit in abbreviated terms (Tr. 239):

> HE IS ABLE TO UNDERSTAND SIMPLE DIREC AND CONCEPTS AND CAN SUSTAIN PACE AND PERSISTENCE FOR SUCH TASKS ... HE CAN KEEP PACE FOR SIMPLE AND ROUTINE DIREC/TASKS.
>
> SOCIALLY, THERE IS DOCUMENTATION OF VIOLENCE AND TEMPER SO IT IS INDICATED HE NOT BE IN PATH OF DEMANDS OF PUBLIC. HE GETS ALONG WITH FRIENDS AND FAMILY. TX NOTES FROM MHC NOTE STABILITY OF MOOD AND AFFECT WITH CL HAVING GOOD RESPONSE TO MEDS AND TX.

The law judge's finding of the plaintiff's mental functional limitations in the residual functional capacity determination coincide with this assessment.

This demonstrates that it does not matter whether or not the law judge called the plaintiff's mental impairment a schizoaffective disorder.

The plaintiff seeks to get some mileage out of a statement by Edith Dalton, Ph.D., an examining psychologist, that the plaintiff was "minimally capable of maintaining attention and concentration for tasks" (Doc. 14, p. 12). The context in which Dr. Dalton made the statement was the following (Tr. 415):

> Vocationally, the claimant appears to be capable of understanding and following simple instructions and directions. He appears to be capable of performing simple and complex tasks with supervision and independently. He appears to be minimally capable of maintaining attention and concentration for tasks. He can regularly attend to a routine and maintain a schedule. He appears to be capable of learning new tasks. He appears to be capable of making appropriate decisions. He appears to be able to relate to and interact appropriately with others.

Particularly when viewed in context, Dr. Dalton was not saying that the plaintiff was incapable of maintaining attention and concentration. Each of the three reviewing psychologists concluded, rather, that Dr. Dalton was opining that the plaintiff's attention and concentration were intact (Tr. 253, 346, 396). Consequently, the statement by Dr. Dalton relied upon by the

plaintiff does not provide any meaningful support for the challenge to the law judge's decision.

On the other hand, the law judge's conclusion that the plaintiff does not have a serious mental impairment is supported by the plaintiff's own testimony regarding his daily activities, which the law judge summarized as follows (Tr. 19):

> He said that in August 2007 he started attending school at Thomas Learning Center for administrative assistant studies. School hours are from 9:00 a.m. to 1:00 p.m. After school he goes to the library for up to an hour to check e-mails. After the library he goes home and rests for 45 minutes to an hour due to back pain. After this he returns to the library for one and one-half hours. He testified that friends visit and he visits friends. He visits family on weekends and goes to church every Sunday, Tuesday, and Thursday. He sings in the choir and has Bible study on Tuesday.

These activities undermine any challenge to the law judge's finding that the plaintiff has no more than moderate difficulties in social functioning, and in concentration, persistence, or pace.

Finally, comment is warranted on the Commissioner's discussion regarding whether the law judge erred in failing to find that the plaintiff's mental impairment was severe within the meaning of step two of the

sequential analysis (Doc. 15, pp. 5, 6-7). The plaintiff did not make any argument that the law judge erred because he did not find that the mental impairment was severe. Particularly in light of the scheduling Order, any such argument is waived.

Moreover, for the reasons stated by the Commissioner, if the plaintiff had challenged the law judge's failure to find his mental impairment severe, that challenge, by itself, would not demonstrate reversible error. The Eleventh Circuit has held that "step [two] acts as a filter; ... the finding of any severe impairment ... is enough to satisfy the requirement of step two." Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

Here, although the law judge did not say that the plaintiff had a severe mental impairment (aside from a history of substance abuse (Tr. 16)), his findings of mental functional limitations amounted to the same thing. The finding of a severe impairment at step two merely requires a showing of something more than a slight abnormality that has a minimal effect on the claimant's ability to work. Brady v Heckler, 724 F.2d 914, 920 (11th Cir. 1984). In this case, the law judge found that the plaintiff was limited to work involving simple directions and tasks and which did not involve frequent

interaction with the general public (Tr. 18). These are significant limitations that would establish that the plaintiff had a severe mental impairment. See 20 C.F.R. 416.921(a). Consequently, in light of these mental functional limitations found by the law judge, his failure to call the plaintiff's mental impairment severe would not establish reversible error, even if the plaintiff had asserted an argument about that failure.

## IV.

In sum, a claim of disability is determined by the functional limitations from a plaintiff's impairments. The law judge found that the plaintiff had certain functional limitations from a mental impairment. The plaintiff has not shown, or even attempted to show, that he had greater mental functional limitations than found by the law judge. Accordingly, any deficiencies in the law judge's decision do not rise to the level of reversible error. Therefore, I recommend that the decision of the Commissioner be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 28, 2010

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).